UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TRTS, LLC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    CAUSE NO.  1:12-CV-269 |
| | ) |
| TRANS INDUSTRIES OF INDIANA, INC., | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Before the Court is a stipulation by the parties seeking approval of a proposed protective order that was submitted with the Report of the Parties' Planning Meeting. (Docket # 15.) As the proposed order is deficient in several ways, it will be DENIED.

First, the order's definition of "Confidential Information" is impermissibly broad. It allows parties to designate as "Confidential Information":

> all non-public information or matter related to: financial or business plans or projections; acquisition offers or expressions of interest; proposed strategic transactions or other business combinations; compensation plans; proprietary technical information and specifications; current or future business and marketing information, plans, and strategies; studies or analyses by internal or outside experts; customer information, data or lists; confidential financial data or results; tax data; confidential information regarding assets and liabilities; valuation analyses; competitive analyses; confidential personnel information; personal financial information; personal information subject to protection under Indiana or Michigan law; or other commercially or personally sensitive or proprietary information.

(Proposed Stipulated Protective Order ¶ 3.)

Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d

943, 946 (7th Cir. 1999).  However, the protective order submitted by the parties provides no basis for finding good cause.  Instead, the order contains an expansive definition of confidential information lacking in all specifics.

Under *Cincinnati Insurance*, a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).  Here, the parties make no effort to formulate narrow, demarcated categories of legitimately confidential information and instead advance a vague, circular definition of "Confidential Information" that relies upon oblique terms such as "confidential," "proprietary," and "sensitive."  Likewise, the inclusion of the phrase "matter related to" at the beginning of the definition is a "fudge" term that seeks to protect more material than may be necessary. *See Cincinnati Insurance*, 178 F.3d at 945; *Shepard v. Humke*, No. IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003).

Furthermore, the use of the term "non-public" is in the proposed order inadequate.

> 'Non-public' is too vague. If it means only that the information is not available to the general public, then it is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors. . . .  If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available.  They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material.

*Cook*, 206 F.R.D. at 248-49.  For material to be protected, it "must give the holder an economic advantage and threaten a competitive injury–business information whose release harms the

holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.*  Here, just because a party does not generally release certain information to the public does not necessarily mean that the release of such information will rise to the level of causing competitive harm or creating a competitive advantage for others. Moreover, "merely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard*, 2003 WL 1702256, at *1 (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

In addition, the proposed order affords the protection of any document that "contains" confidential information (Proposed Stipulated Protective Order ¶ 2 ), rather than just protecting the actual confidential material through a method of redaction. *See Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).

Moreover, paragraph 20 of the proposed Order contemplates the return to the parties of documents filed under seal.  The Court, however, will not agree to return any documents once filed, whether under seal or otherwise.  Paragraph 20 further provides that "the Court shall have continuing jurisdiction" to enforce the terms of the proposed order after the conclusion of the litigation.  The Court, however, is unwilling to enter a protective order that suggests that the Court retain jurisdiction of any kind after the resolution of the case. *E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of

3

sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc*., No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

Also, the first sentence of paragraph 23 suggesting that a violation of the order is punishable as a contempt of court is overly broad and should be deleted.

Finally, *Cincinnati Insurance* specifies that protective orders may only issue if the order "makes explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Cincinnati Insurance*, 178 F.3d at 946. Here, the proposed order contains no such language.

It is important to remember that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* at 945. That is, "[w]hat happens in federal courts is presumptively open to public scrutiny." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). "People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property . . . ." *Union Oil Co. of Ca. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

Accordingly, a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2. For these reasons, the Court DENIES approval of the proposed Stipulated Protective Order submitted by the parties. The parties, however, may submit a revised protective order consistent with the requirements of Federal Rule of Civil

Procedure 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.

    SO ORDERED.

    Enter for this 31st day of October, 2012.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
